# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

CHRISTOPHER DIONNE,

    Plaintiff,

v.                                              Case No. 2:24-cv-2222-MSN-cgc
                                               JURY DEMAND

CARLOS DEL TORO,
Secretary of the Navy,

    Defendant.

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS, AND DISMISSING PLAINTIFF'S COMPLAINT

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss in Lieu of Answer (ECF No. 13, "Report") entered January 30, 2025. The Report recommends that Defendant's Motion to Dismiss be granted and Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. On February 12, 2025, Plaintiff filed a "Response to R&R Motion to Dismiss," which this Court construes as objections to the Report. (*See* ECF No. 14.) Defendant filed a response to Plaintiff's objections on February 26, 2025. (ECF No. 16.)

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989));

*see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION**

Plaintiff's objections do not address the Report's substantive conclusion that the Court lacks subject matter jurisdiction to hear Plaintiff's claims under 18 U.S.C. § 1001 and 5 U.S.C. § 7513.  Instead, Plaintiff references his understanding of Federal Rule of Civil Procedure 12(b)(6), and states that "[t]o correct such a deficiency, the Plaintiff now claims that the Defendant took retaliatory action against Plaintiff when the Defendant indefinitely suspended the Plaintiff without cause.  This was a Title VII Retaliation Violation."  (ECF No. 14 at PageID 76–77.)  Defendant also did not object to the Report's recommended conclusions of law.  The Court has reviewed the Report for clear error and finds none.  Therefore, the Court **ADOPTS** the Report's conclusions that the Court lacks subject-matter jurisdiction over Plaintiff's claims under 18 U.S.C. § 1001 and 5 U.S.C. § 7513.

In addition, as this Court previously concluded, Plaintiff's claims in this matter are barred by res judicata.  Plaintiff has filed three other lawsuits in this district against this same Defendant that arise out of his suspension without pay.  (*See* Case No. 2:23-cv-2531-JTF-cgc; Case No. 2:24-cv-2027-MSN-cgc; Case No. 2:24-cv-2364-MSN-cgc.)  Final judgment has now been entered in each of Plaintiff's three other lawsuits.  The doctrine of res judicata "bars further claims by parties or their privies based on the same cause of action" after a final judgment on the merits has been entered.  *Autumn Wind Lending, LLC v. Est. of Siegel by & through Cecelia Fin. Mgmt.*, LLC, 92 F.4th 630, 634 (6th Cir. 2024); *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981) ("The fundamental function of the doctrine of res judicata is to prevent the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and *from litigating piecemeal the same controversy*." (emphasis added)).

Res judicata applies when the following elements are met:

> 1. A final decision on the merits in the first action by a court of competent jurisdiction; 2. The second action involves the same parties, or their privies, as the first; 3. The second action raises an issue actually litigated or which should have been litigated in the first action; 4. An identity of the causes of action.

*Id.* (citation omitted).

Relevant here, "the third element . . . asks whether the two causes of action arise from the same transaction, or series of transactions, and if so then the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Musleh v. Am. Steamship Co.*, 326 F. Supp. 3d 507, 515 (E.D. Mich. 2018), aff'd, 766 F. App'x 214 (6th Cir. 2019) (cleaned up); *Kennedy v. Benson*, No. 24-12375, 2024 WL 4231578, at *2 (E.D. Mich. Sept. 18, 2024) ("Res Judicata also applies to instances where a plaintiff fails to raise a claim in prior litigation against the same defendant, arising out of the same set of facts.").

First, a final decision on the merits has been entered in all three of the other cases Plaintiff has filed in this district.[1] (*See* Case No. 2:23-cv-2531-JTF-cgc, ECF Nos. 33, 38, & 39; Case No. 2:24-cv-2027-MSN-cgc, ECF Nos. 14–18; Case No. 2:24-cv-2364-MSN-cgc, ECF Nos. 16–20.) Second, this action involves the same parties as the other three cases. *See id.* Finally, Plaintiff's claims here arise from the same events underlying the claims in his three other cases in this district. The issues raised in this matter were previously litigated[2] or should have been litigated in the first matter, and they arise out of the same set of facts. *See id.* In other words, "Plaintiff advanced two

---

[1] It does not matter that, at the time Plaintiff filed his Complaint in this matter, a final judgment had not been entered in the other matters Plaintiff filed in this district. When multiple actions are "pending at the same time, res judicata attaches to the first judgment regardless of the sequence in which the actions were commenced." 18 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc., § 4404 Sequence of Actions and Judgments (3d ed. June 2024 update).

[2] Plaintiff's claim pursuant to 18 U.S.C. § 1001 was previously litigated in Case No. 2:24-cv-2027-MSN-cgc. (*See* Case No. 2:24-cv-2027-MSN-cgc, ECF Nos. 14–17.)

separate theories in two separate suits . . . for one common set of facts. This is the exact situation which the doctrine of res judicata, by compelling litigants to bring all related claims in one suit, seeks to avoid." *Wilkins v. Jakeway*, 183 F.3d 528, 532 n.4 (6th Cir. 1999). Res judicata bars Plaintiff's claims.

Finally, to the extent Plaintiff's objections could be construed as a motion to amend his complaint, that motion is **DENIED** as futile. Plaintiff's new retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII") arises out of the same underlying events, and is asserted against the same Defendant, so it would also be barred by res judicata for the reasons explained above.[3]

## CONCLUSION

For the reasons set forth above, Plaintiff's "Response to R&R Motion to Dismiss," which this Court construes as objections to the Report, are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 13), and Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**. Plaintiff's claims are **DISMISSED** because the Court lacks subject matter jurisdiction, and the claims are barred by res judicata.

**IT IS SO ORDERED**, this 27th day of February, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[3] In addition, Plaintiff's Complaint does not allege that he exhausted his administrative remedies as required to bring Title VII claims in federal court. *See Moore v. Coca-Cola Bottling Co. Consol.*, 113 F.4th 608, 621 (6th Cir. 2024). Defendant, however, has not argued that Plaintiff failed to exhaust his administrative remedies, so it is not part of the Court's reasoning for denying amendment as futile.